UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAVID & ANN CLARK, PETER GILLIS &
MARY PISCITELLI, DONALD &
CAMILLE GILLIS, PATRICE DE
LANGSDORFF, STEVE & CYNTHIA
ENGQUIST, ALEXANDER C. &
JENNIFER K. HERWIG, ALEXANDER C.
HERWIG, TRUSTEE OF THE JORDYN
TRUST DATED MARCH 3, 2005;

    Plaintiffs,

v.                                             CASE NO. 8:09-cv-00448-EAK-TGW

FIFTH THIRD BANK, FIFTH THIRD
MORTGAGE COMPANY; and
BENCHMARK, INC. OF SOUTH WEST
FLORIDA;

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants Fifth Third Bank and Fifth Third

Mortgage (collectively "Fifth Third['s]") Motion to Dismiss [D.E. 5] pursuant to Federal Rule of

Civil Procedure 12(b)(6)[1] and Defendant Benchmark, Inc. of South Florida ("Benchmark['s])

Motion to Dismiss, Motion to Stay and Abate [D.E. 7] pursuant to Federal Rule of Civil Procedure

---

[1] Fifth Third moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. However, in the body of its Motion to Dismiss, Fifth Third also argues that Plaintiffs lack complete diversity with Defendants. (*See* Defendants, Fifth Third Bank and Fifth Third Mortgage Company's, Motion to Dismiss Complaint ("*Fifth Third's Mot.*") [D.E. 5] at ¶ 6a). Therefore, the Court will review the facts in light of this additional basis for dismissal.

12(b)(1). Defendants move to dismiss all counts listed in Plaintiffs' Complaint. The Court has carefully considered the parties' written submissions and applicable law.

## I. FACTUAL BACKGROUND[2]

This case arises from a complaint filed on March 12, 2009, by Plaintiffs David and Ann Clark, Peter Gillis and Mary Piscitelli, Donald and Camille Gillis, Patrice De Langsdorff, Steve and Cynthia Engquist, Alexander C. and Jennifer K. Herwig, and Alexander C. Herwig, Trustee of the Jordyn Trust dated March 3, 2005. (*See* Complaint and Demand for Jury Trial ("*Compl.*") [D.E. 1]) Plaintiffs are purchasers of real estate properties in the Clearwater Cay Clubs. (*See id.* at ¶ 1). Defendant Fifth Third is a bank and mortgage company that approved and issued mortgage loans to Cay Club purchasers. (*See id.* at ¶¶ 16-17). Defendant Benchmark conducted appraisals in order to approve and secure the loan amounts issued by Fifth Third. (*See id.* at ¶ 40). The complaint sets forth claims of Rescission/Fraud in the Inducement (Count I) and Negligent Misrepresentation (Count IV) against Fifth Third. (*See id.*). Claims of Fraud (Count II), Contribution/Indemnification (Count III), and Negligent Misrepresentation are alleged against Benchmark. (*See id.*).

Both Defendants raise the issue of diversity of citizenship as grounds for dismissal of Plaintiffs' claims. (*See Fifth Third's Mot.* at ¶ 6a; Defendant, Benchmark, Inc. of Southwest Florida's, Motion to Dismiss, Motion to Stay and Abate ("*Benchmarks's Mot.*") [D.E. 7] at ¶ 3). The following is a summary of the citizenship of all parties involved:

1) Plaintiffs David & Ann Clark (the "Clarks") are citizens of California. (*See id.* at ¶ 9).

---

[2] The parties agree that all material facts are undisputed for purposes of resolving these motions.

2) Plaintiffs Peter Gillis & Mary Piscitelli ("Gillis and Piscitelli") are citizens of California. (*See id.* at ¶ 10).

3) Plaintiffs Donald & Camille Gillis (the "Gillis'") are citizens of California. (*See id.* at ¶ 11).

4) Plaintiff Patrice De Langsdorff ("De Langsdorff") is a citizen of Paris, France. (*See id.* at ¶ 12).

5) Plaintiffs Steve & Cynthia Enguist (the "Enguists") are citizens of Minnesota. (*See id.* at ¶ 13).

6) Plaintiffs Alexander C. & Jennifer K. Herwig (the "Herwigs) are citizens of Florida. (*See id.* at ¶ 14).

7) Plaintiff Alexander C. Herwig, Trustee of the Jordyn Trust dated March 3, 2005 (the "Jordyn Trust") is a citizen of Florida. (*See id.* at ¶ 15).

8) Defendant Fifth Third Bank has its principal place of business in Cincinnati, Ohio and conducts business in the State of Florida. (*See id.* at ¶ 16).

9) Defendant Fifth Third Mortgage Company has its principal place of business in Cincinnati, Ohio and conducts business in the State of Florida. (*See id.* at ¶ 17).

10) Defendant Benchmark is a Florida Corporation doing business in Pinellas County, Florida. (*See id.* at ¶ 18).

Plaintiffs' claims arise from a series of real estate transactions throughout 2004-2005 involving condominiums in the Clearwater Cay Clubs. (*See id.* at ¶ 19). The condominiums were purchased by Plaintiffs prior to the completion of various advertised renovations, improvements, and additions to the Cay Clubs complex, including an office park, amusement park, high end shopping galleria, hotel facilities, marina, and resort style commons areas. (*See id.*). Cay Clubs offered 100% financing to certain buyers through a "preferred lenders" program, which included Fifth Third Bank. (*See id.* at ¶ 20). Financing for the unit purchase price, membership dues, and closing costs was

3

completely covered and secured based on the appraisal value of each unit – an amount which exceeded the purchase price for the units of each Plaintiff. (*See id.*). Benchmark was recruited by Fifth Third to conduct appraisals for each Plaintiff's condominium unit prior to approval of the mortgage loans. (*See id.* at ¶ 40). Each appraisal was based on the estimated value of the unit after the yet-to-be-completed improvements promised to the Clearwater Cay Clubs complex. (*See id.* at ¶ 42).

Plaintiffs allege that Fifth Third failed to meet the standard of a reasonably prudent lender and violated established lending practices. (*See id.* at ¶ 45). Instead of ordering appraisals from an independent source, Fifth Third chose Benchmark to conduct the appraisals because of the companies' pre-existing business relationship. (*See id.* at ¶ 40). The result was inflated appraisal values, which Fifth Third used to authorize loans to Cay Clubs purchasers well in excess of each unit's contract price. (*See id.* at ¶ 40-42).

Likewise, Plaintiffs claim that Benchmark neglected its duties as an appraiser when it failed to adhere to established appraisal practices under the Uniform Standards of Professional Appraisal Practice ("USPAP"). (*See id.* at ¶50). Due to Benchmark's relationship with Fifth Third, Benchmark knowingly inflated the appraisal values well beyond that of each unit's actual value. (*See id.* at ¶ 47). Benchmark appraised the properties based on renovations and improvements that did not yet exist, and used "comparable" sales that had been fraudulently sold by and to Cay Club entities at inflated prices. (*See id.* at ¶¶ 47, 49).

Plaintiffs contend that the actions of both Fifth Third and Benchmark were inconsistent with reasonable lending and appraisal practices, and that these actions caused Plaintiffs to rely on false information in purchasing properties in the Clearwater Cays Club. (*See id.* at ¶ 48). Plaintiffs ask that the court rescind the relevant notes and mortgages and award compensatory damages and costs of this action against Fifth Third and Benchmark, in favor of Plaintiffs. (*See id.* at ¶ 69). Defendants move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

District courts are courts of limited jurisdiction and, as such, may not hear claims where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1248 n. 2 (11th Cir. 2005). Challenges to a court's subject matter jurisdiction may be brought in the form of either a 'facial attack' or a factual attack'. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks require that the court accept as true the allegations set forth by plaintiff, and determine from the face of the complaint whether plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. Factual attacks, on the other hand, challenge "the existence of subject matter in fact, irrespective of the pleadings." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

When ruling on a 12(b)(6) motion to dismiss, the Court must review such facts and allegations set forth in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal is proper if, on the face of the pleading, the facts fail to state a plausible claim to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (abrogating the prior "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard). While detailed factual allegations are not required, a plaintiff must plead something beyond conclusory statements or mere recitation of the elements of a cause of action. *Id.* The factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Id.*

### III. ANALYSIS

**A. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A federal district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. §1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. §1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1446, 1469 (11th Cir.1997). Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §1332(a) and 28 U.S.C. §1367(a). (*See Compl.* at ¶ 6). Chapter 28 U.S.C. §1332 provides that federal district courts have original jurisdiction of civil actions where "the matter in controversy . . . is between citizens of different States." 28 U.S.C. §1332(a)(1). The Supreme Court has mandated that federal jurisdiction exists only where there is complete diversity between parties. *Strawbridge v. Curtis*, 7 U.S. 267 (1806) (explaining that

each plaintiff must individually be capable of suing each defendant in federal court in order to support jurisdiction on the basis of diversity). If one of the plaintiffs is a citizen of the same state as the defendant, diversity is incomplete and the court lacks federal jurisdiction to hear the claim on the basis of 28 U.S.C. §1332. *Mitchell v. Mauer*, 293 U.S. 237, 242 (1934) (citing *Hooe v. Jamieson*, 166 U.S. 395).

A party pleading on the basis of §1332(a) has the burden of establishing that diversity of citizenship exists between the parties, *Cameron v. Hodges*, 127 U.S. 322 (1888), and, in the event diversity is challenged, that party also bears the burden of proof, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). In their respective motions, both Defendants raise the same factual attack on Plaintiffs' assertion that this Court has diversity jurisdiction: the complaint includes parties that are non-diverse. Furthermore, Plaintiffs' claims consist of common law state claims governed by Florida law. As such, the only basis for subject matter jurisdiction which Plaintiffs invoke is that of diversity of citizenship pursuant to 28 U.S.C. §1332(a). Plaintiffs' own summary of the parties' citizenships indicates that the Herwigs are citizens of Florida, and that Florida resident Alexander C. Herwig is also suing as representative of the Jordyn Trust. (*See Compl.* ¶¶ 14-15). Defendant Benchmark is listed as a Florida Corporation, and thus, for the purposes of citizenship, shares Florida citizenship with the Herwigs. (*See Compl.* ¶18).

Defendants raise a clear and valid challenge to diversity jurisdiction, and Plaintiffs have failed to carry their burden of persuading this Court otherwise. While the Federal Rules of Civil

7

Procedure afford Plaintiffs a means by which they could amend their complaint and thereby preserve diversity, Plaintiffs have eschewed this opportunity. Fed.R.Civ.P. 15(a)(2). Rather, Plaintiffs include only a brief line in their Response, proposing that the Herwigs "can be dropped for purposes of fully conforming with [sic] the Court's diversity requirement." (*See* Plaintiff's Response to Defendants, Fifth Third Bank and Fifth Third Mortgage Company's Motion to Dismiss ("*Pls.['s] Resp. to Fifth Third*") [D.E. 10] at ¶ 4a; Plaintiff's Response to Defendants, Benchmark, Inc. of Southwest Florida's Motion to Dismiss, Motion to Stay and Abate ("*Pls.['s] Resp. to Benchmark*") [D.E. 13] at ¶ 4a). However merely offering to withdraw certain plaintiffs in order to comply with diversity requirements is an insufficient remedy to a complaint which clearly lacks complete diversity.

Plaintiffs also invoke the jurisdiction of this Court under 28 U.S.C. §1367(a), which provides "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . ." As previously noted, Plaintiffs' claims consist solely of common law issues governed by Florida state law. Plaintiffs have failed to establish any federal question claims over which this Court might have original jurisdiction. Where a case before a court "[lacks] both diversity or a federal question claim between the parties, this Court may not assert pendant jurisdiction over Plaintiff's related state common law claims . . . ." *Eidson v. Arenas*, 910 F. Supp. 609, 614 (M.D. Fla. 1995) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)) (internal citations omitted).

As this case stands now, diversity jurisdiction is the only basis on which this Court may have jurisdiction to hear Plaintiffs' claims. The Supreme Court has clearly instructed that a claim "cannot be sustained when diversity of citizenship does not exist and no other ground of federal jurisdiction is shown." *Mitchell v. Maurer*, 293 U.S. 237, 243-44 (1934). Plaintiffs have failed to establish complete diversity among the parties to this suit, and as such, Plaintiffs' claims must be dismissed.

**B. 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Because the Court dismisses Plaintiffs' claims for lack of jurisdiction, Defendant Fifth Third's 12(b)(6) Motion to Dismiss is moot and need not be considered. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants Fifth Third's Motion to Dismiss [D.E. 5] and Defendant Benchmark's Motions to Dismiss, Motion to Stay and Abate [D.E. 7] are **GRANTED** and the Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 16th day of July, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.